## IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNIVERSAL TRUCKLOAD, INC.** | § | |
| | § | |
| **v.** | § | **C.A. NO. _____** |
| | § | |
| **DALTON LOGISTICS, INC., HESS** | § | |
| **CORPORATION, HELMERICH & PAYNE,** | § | |
| **INC., NABORS DRILLING USA, LP,** | § | |
| **FOUR SEASONS EQUIPMENT, INC.,** | § | |
| **HALCON RESOURCES CORPORATION,** | § | |
| **APPLIED MACHINERY CORPORATION,** | § | |
| **AND GRANT PRIDECO, LP** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, Universal Truckload, Inc., and files this, Plaintiff's Original Complaint against Dalton Logistics, Inc., Hess Corporation, Helmerich & Payne, Inc., Nabors Drilling USA, LP, Four Seasons Equipment, Inc., Halcon Resources Corporation, Applied Machinery Corporation and Grant Prideco, LP ("Defendants"), and will show this Honorable Court as follows:

### PARTIES & SERVICE

1.     Plaintiff, Universal Truckload, Inc., formerly known as Universal Am-Can, Ltd., ("Universal" or "Plaintiff") is a Michigan corporation with its principal place of business at 12755 E. 9 Mile Road, Warren, Michigan 48089. Universal is a federally licensed motor carrier and is subject to the jurisdiction of the United States Surface Transportation Board. Universal is engaged in the performance of both intrastate and interstate carriage for hire by authority issued to it by the Federal Motor Carrier Safety Administration and United States Department of Transportation. Universal Am-Can, Ltd. formerly operated under USDOT # 258277 and MC#

167922.  Universal Am-Can, Ltd., now Universal Truckload, Inc. currently operates under USDOT# 41208 and MC# 59583.

2.       Defendant, Dalton Logistics, Inc. ("Dalton"), is a corporation that is incorporated under the laws of the State of Texas.  Dalton is a Federally licensed logistics company that operates under USDOT# 2157189 and MC# 753879.  Defendant has its principal place of business at 19506 Hwy 59 N #340, Humble, TX 77338.  Defendant may be served with process by serving its registered agent, Richard E. Brown at 750 San Felipe, Suite 780, Houston, Texas 77063.

3.       Defendant, Hess Corporation ("Hess"), is a corporation that is incorporated under the laws of the State of Delaware.  Defendant has its principal place of business in the State of New York.  Defendant may be served with process by serving its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4.       Defendant, Helmerich & Payne, Inc. ("H&P"), is a corporation that is incorporated under the laws of the State of Delaware.  Defendant has its principal place of business in the State of Oklahoma.  Defendant may be served with process by serving its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

5.       Defendant, Nabors Drilling USA, LP ("Nabors"), is a limited partnership organized under the laws of the State of Delaware.  Defendant has its principal place of business in the State of Texas.  Defendant may be served with process by serving its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

6.       Defendant, Four Seasons Equipment, Inc. ("Four Seasons"), is a corporation that is incorporated under the laws of the State of Texas.  Defendant has its principal place of

business in the State of Texas.  Defendant may be served with process by serving its registered agent, Robert Carpenter at 8111 Mills Road, Houston, Texas 77064-1111.

7.    Defendant, Halcon Resources Corporation ("Halcon"), is a corporation that is incorporated under the laws of the State of Delaware.  Defendant has its principal place of business in the State of Texas.  Defendant may be served with process by serving its registered agent, Capitol Corporate Services, Inc, at 800 Brazos, Suite 400, Austin, Texas 78701.

8.    Defendant, Applied Machinery Corporation ("AMC"), is a corporation that is incorporated under the laws of the State of Texas.  Defendant has its principal place of business in the State of Texas.  Defendant may be served with process by serving its registered agent, Erik C. Ostrander, 18734 East Hardy Road, Houston, Texas 77073-3704.

9.    Defendant, Grant Prideco, LP ("Prideco"), is a limited partnership organized under the laws of the State of Delaware.  Defendant has its principal place of business in the State of Texas.  Defendant may be served with process by serving its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## JURISDICTION & VENUE

10.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 and 1367.  This matter exceeds $75,000 in controversy, exclusive of interest and costs.

11.    Pursuant to 28 U.S.C. § 1391(a) and (b), venue is proper in this district and division in that one and/or all of the Defendants resides here and a substantial portion of the transactions and shipments in question occurred here.

12.    This Court has personal jurisdiction over Defendants in that Defendants arranged for and tendered several shipments to Universal for transportation of goods in the Houston, Texas area.  The Defendants  have purposefully established minimum contacts with Texas such

that they should reasonably expect to be called into court in Texas because of their conduct and connection with Texas. Defendants have a pattern of continuous and systematic activities within Texas that support general jurisdiction.

### FACTUAL BACKGROUND

13.     Between November 2013 and August 2014, Defendants collectively tendered over 250 shipments to Universal for transportation in both interstate and intrastate commerce. Universal transported the shipments as requested and fully performed its obligations to the Defendants.

14.     Bill of lading contracts were issued at the point of origin and entered into between the Defendants and Universal for transportation of the freight in question. A sample of the contracts are attached as Exhibit "A". Dalton arranged for the transportation of the shipments and Universal contracted with the other Defendants to transport the freight in question, which consisted of various oil field equipment.

15.     Universal transported the freight under its U.S. Department of Transportation operating authority, and provided services of value to the Defendants; however, Universal was not paid on the bill of lading contracts and invoices as reflected on the attached spreadsheet. See Exhibit "B". Although Defendants claim they paid Dalton for the shipments, none of the Defendants have paid Universal for the shipments in question after receiving the benefit of Universal's services and after receiving demand for payment. See Ex. "C".

16.     On numerous occasions prior to Universal filing suit, Dalton represented to Universal that it planned to make Universal whole and pay the debt in full. See Ex. "D". It was not until Universal contacted the shippers to collect for its services that Dalton alleged for the first time that Universal failed to disclose an alleged "agreement" to purchase Dalton. See Ex.

"E". Indeed, although Universal and Dalton discussed the possibility that Universal might purchase an interest in Dalton, the parties never reached an agreement. See Ex. "D". While the parties explored the possibility of some arrangement, upon performing its due diligence, Universal decided not to move forward with Dalton. The attached communications clearly demonstrate the lack of an agreement and Dalton's acknowledgment that these debts were due and owing. See Ex. "D".

17.     The bill of lading contracts contain a recourse provision, Section 7, as part of the terms of the uniform bill of lading, adopted by the rules or regulations of the former Interstate Commerce Commission, which continue in effect under the Savings Provision in the ICC Termination Act of 1995, contained in section 204(b) of ICCTA.[1] Section 7 of the bill of lading agreements between Universal and Defendants provides as follows:

> Subject to Section 7 of Conditions of applicable bill of lading, if this shipment is to be delivered to the consignee without recourse to the consignor, the consignor shall sign the following statement.  The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

> _____
>     (Signature of Consignor)

See Exhibit "A".

18.     Defendants did not sign Section 7 of the bills of lading.  As a result, and because Defendants received the benefit of Universal's services, Defendants are liable to Universal for the attached unpaid freight charges. See Exs. "B" and "C".

## COUNT I—BREACH OF TRANSPORTATION CONTRACTS

19.     Plaintiff incorporates the above facts as if fully set forth herein.

---

[1] The ICC Termination Act of 1995, codified at scattered sections of the U.S. Code, particularly 49 U.S.C. §§ 10101-11917, transferred the motor carrier regulatory functions of the Interstate Commerce Commission to the Department of Transportation and the Surface Transportation Board. See 49 U.S.C. § 13501.

20.     Defendants contracted with Universal for the transportation of freight.  Plaintiff fully performed its obligations under said contracts.  By failing to pay Universal, the motor carrier, for the transportation of their freight, Defendants are in breach of the parties' contracts.

21.     Universal has been damaged as a result of Defendants' breach of contract. Defendants are liable to Universal for the following freight charges:

| | | |
|---|---|---|
| a. | H&P/Dalton: | $ 1,186,065.38 |
| | (Prideco, included in H&P): | ($54,000.00) |
| | (AMC, included in H&P): | ($264,560.60) |
| b. | Hess/Dalton: | $  724,718.89 |
| c. | Nabors/Halcon/Dalton: | $    20,500.00 |
| d. | Four Seasons/Dalton: | $    74,400.00 |
| Total: | | $ 2,005,684.27 |

22.     Per Universal's rules tariff, attached as Ex. "F", incorporated into the bill of lading contracts and maintained under 49 USC § 13710, transportation charges not paid are subject to a charge of 50% of the unpaid balance, plus reimbursement for all collection and legal costs, including reasonable attorney's fees.  Defendants are also liable to Universal for these damages.

23.     Additionally, Plaintiff seeks to recover all of its actual, incidental, and consequential damages, together with its attorneys' fees and costs and pre-judgment interest and post-judgment interest at the maximum rate allowed by law, resulting from Defendants' breach of contract.  Universal is further entitled to attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001 et seq.

## COUNT II—QUASI-CONTRACT

24.     Plaintiff incorporates the above facts as if fully set forth herein.

25.     As a result of the foregoing, Universal provided transportation services to Defendants as requested by Defendants.

26.     Defendants accepted the services and accordingly, Defendants are liable to Universal under the theories of quantum meruit and/or unjust enrichment.

27.     Defendants are liable to Universal in the amounts set forth in Exhibit "B" as a reasonable value for the services rendered.

## COUNT III—SWORN ACCOUNT

28.     Plaintiff incorporates the above facts as if fully set forth herein.

29.     On the dates reflected in Exhibits "B" and "C", Plaintiff presented the invoices to Defendants for payment.   Exhibits "B" and "C" are verified accounts representing a liquidated money demand, which are incorporated herein by reference the same as if fully copied and set forth at length.   The breakdown of charges due under the contracts are specifically itemized on Exhibits "B" and "C", attached hereto.   The expenses were incurred at the special instance and request of Defendants.   In consideration of the expenses incurred by Plaintiff, on which a systematic record has been kept, Defendants promised and became bound and liable to pay Plaintiff the amounts charged for such expenses in the total amount of freight bills referenced in Exhibits "B" and "C", being a reasonable charge for such items.   Despite demands by Plaintiff upon Defendants for payment, Defendants have refused and failed to pay the accounts in full. Defendants are liable to Plaintiff for the amounts set forth in Exhibits "B" and "C".

## CONDITIONS PRECEDENT

30.     All conditions precedent to Plaintiff's rights to recover and to Defendants' liability have been performed or have occurred.

## VICARIOUS LIABILITY, AGENCY AND
## RESPONDEAT SUPERIOR LIABILITY

31.     Defendants, H&P, Hess, Nabors, Halcon, AMC and Prideco are responsible to Plaintiff for the conduct of Defendant, Dalton under the legal doctrines of respondeat superior, agency and/or vicarious liability because at all times material hereto, Dalton was an agent or servant of Defendants, H&P, Hess, Nabors, Halcon, AMC and Prideco. Dalton was acting within the course and scope of such agency for Defendants, H&P, Hess, Nabors, Halcon, AMC and Prideco at all times material hereto.

## **PRAYER**

32.     Plaintiff prays that Defendants are served with citation, and upon trial of this cause judgment be rendered against Defendants. Plaintiff seeks to recover judgment against Defendants for Plaintiff's damages set forth above. Plaintiff also seeks pre-judgment and post judgment interest as allowed by law, taxable costs of court, attorney's fees and all other relief to which Plaintiff may be entitled, both general and special, at law and in equity.

Respectfully submitted,

Ryan T. Hand
Attorney in Charge
Federal Bar No. 25467
SBN: 24012777
Email: rth@lorancethompson.com
2900 North Loop West, Ste. 500
Houston, Texas 77092
Telephone: (713) 868-5560
Facsimile: (713) 864-4671
**Attorney for Plaintiff, Universal**
**Truckload, Inc.**

**OF COUNSEL:**

**LORANCE & THOMPSON, P.C.**
Daniel L. Fulkerson
Federal Bar No. 26216
SBN:  16231700
Email: dlf@lorancethompson.com

## AFFIDAVIT

STATE OF MICHIGAN

COUNTY OF MACOMB

BEFORE ME the undersigned notary public in and for the state of Michigan, on this day personally appeared Andrea K. Bouchard, an authorized representative of Universal Truckload, Inc. ("Universal"), known to me, and who being duly sworn on her oath stated that Universal's foregoing annexed accounts against Defendants and in favor of Universal total as follows:

| | | |
|---|---|---|
| a. | H&P/Dalton: | $1,186,065.38 |
| | (Prideco, included in H&P): | ($54,000.00) |
| | (AMC, included in H&P): | ($264,560.60) |
| b. | Hess/Dalton: | $724,718.89 |
| c. | Nabors/Halcon/Dalton: | $20,500.00 |
| d. | Four Seasons/Dalton: | $74,400.00 |

The above accounts are within the personal knowledge of the affiant and are just and true. These accounts are due and unpaid and all just and lawful offsets, payments and credits have been allowed.

_____
Andrea K. Bouchard

SWORN AND SUBSCRIBED TO BEFORE ME, on this 9th day of June, 2015.

_____
Notary Public in and for the State of Michigan

BONNIE J. BAUMGARTNER
NOTARY PUBLIC, STATE OF MI
COUNTY OF MACOMB
MY COMMISSION EXPIRES Mar 23, 2018
ACTING IN COUNTY OF Macomb

567872.1 PLD 0002106 9905 RTH