UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNIVERSAL TRUCKLOAD, INC. § § v. § § DALTON LOGISTICS, INC., HESS § CORPORATION, HELMERICH & PAYNE, § INC., NABORS DRILLING USA, LP § FOUR SEASONS EQUIPMENT, INC., § HALCON RESOURCES CORPORATION, § APPLIED MACHINERYCORPORATION, § AND GIANT PRIDECO, LP § | Civil No. 4:15-cv-01651 |

DEFENDANT FOUR SEASONS EQUIPMENT, INC'S
ORIGINAL ANSWER & COUNTERCLAIM

Defendant, Four Seasons Equipment, Inc., file this Original Answer to the Plaintiff Universal Truckload, Inc.'s Original Complaint and Counterclaim, and respectfully states as follows:

1.  Defendant lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 1 of the complaint, but if an answer is deemed necessary, it is denied.

2.  Defendant lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 2 of the complaint, but if an answer is deemed necessary, it is denied.

3.  Defendant lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 3 of the complaint, but if an answer is deemed necessary, it is denied.

4.  Defendant lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 4 of the complaint, but if an answer is deemed necessary, it is denied.

5.  Defendant lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 5 of the complaint, but if an answer is deemed necessary, it is denied.

1

6. Defendant admits the allegations in paragraph 6.

7. Defendant lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 7 of the complaint, but if an answer is deemed necessary, it is denied.

8. Defendant lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 8 of the complaint, but if an answer is deemed necessary, it is denied.

9. Defendant lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 9 of the complaint, but if an answer is deemed necessary, it is denied.

10. Defendant admits that this Court has subject matter jurisdiction over this lawsuit. The Defendant does not know whether the additional information in paragraph 10 of the complaint is true or false.

11. Defendant admits that venue is proper in this district and division. The Defendant does not know whether the additional information in paragraph 11 of the complaint is true or false.

12. Defendant admits that this Court has personal jurisdiction over Defendants. The Defendant does not know whether the additional information in paragraph 12 of the complaint is true or false.

13. Defendant lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 13 of the complaint, but if an answer is deemed necessary, it is denied.

14. Defendant lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 14 of the complaint, but if an answer is deemed necessary, it is denied.

15. Defendant lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 15 of the complaint, other than the fact that this Defendant paid all sums due and owing to Dalton, but if an answer is deemed necessary for the remainder of the allegations,

they are denied.

16. Defendant lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 16 of the complaint, but if an answer is deemed necessary, it is denied.

17. Defendant lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 17 of the complaint, but if an answer is deemed necessary, it is denied.

18. Defendant denies the allegations in paragraph 18 of the complaint.

19. No response is required to the allegations in paragraph 19 of the company, but if an answer is deemed necessary, it is denied.

20. Defendant denies the allegations in paragraph 20 of the complaint.

21. Defendant denies the allegations in paragraph 21 of the complaint.

22. Defendant denies the allegations in paragraph 22 of the complaint.

23. Defendant denies the allegations in paragraph 19 of the complaint.

20. Defendant denies the allegations in paragraph 20 of the complaint.

21. No response is required to the allegations in paragraph 21, but if an answer is deemed necessary, it is denied.

22. Defendant denies the allegations in paragraph 22 of the complaint.

23. No response is required to the allegations in paragraph 23, but if an answer is deemed necessary, it is denied.

24. No response is required to the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25 of the complaint.

26. Defendant denies the allegations in paragraph 26 of the complaint.

27. Defendant denies the allegations in paragraph 27 of the complaint.

28. No response is required to the allegations in paragraph 28, but if an answer is deemed necessary, it is denied.

29. Defendant denies the allegations in paragraph 29 of the complaint.

30. Defendant denies the allegations in paragraph 30 of the complaint. Specifically, there was never an open account between Plaintiff and this Defendant that gave rise to the establishment of a sworn account. Any account was that may have existed was between Plaintiff and Dalton. There was never a contract between this Defendant and Plaintiff. This Defendant never received any value for any services provided by Plaintiff. The contract between Dalton and this Defendant was for the delivery of goods FOB Defendant's yard.

31. Defendant lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 31 of the complaint, but if an answer is deemed necessary, it is denied.

32. No response is required to the allegations in paragraph 32, but if an answer is deemed necessary, it is denied.

### FIRST AFFIRMATIVE DEFENSE

33. Defendant is not liable to Plaintiff because of estoppel.

### SECOND AFFIRMATIVE DEFENSE

34. Defendant will show that Plaintiff's own acts or omissions caused or contributed to its alleged injury. Upon information and belief, the Defendant Dalton contracted with Plaintiff and was advised not to pay Plaintiff for the carrier charges. Any loss is directly attributable to the Plaintiff's own actions.

### THIRD AFFIRMATIVE DEFENSE

35. Defendant will show that Plaintiff has failed to mitigate its alleged damages or

losses.

## FOURTH AFFIRMATIVE DEFENSE

36.     Defendant will show that Plaintiff has no transportation contract with this Defendant and its contract with Dalton provided for a sale of machinery FOB Defendant's yard.

## FIFTH AFFIRMATIVE DEFENSE

37.     Defendant will show that Plaintiff has an express contract with Dalton that precludes any claim based upon quasi contract.

## SIXTH AFFIRMATIVE DEFENSE

38.     Defendant will show that Plaintiff has unclean hands.  See attached Exhibit A, which is incorporated herein as if fully recited verbatim.   Plaintiff threatened to charge a penalty in the event that this Defendant did not capitulate to its demand.

## COUNTERCLAIM

35.     Defendant, now as Counter-Plaintiff, seeks a declaration of its rights against Plaintiff, as Counter-Defendant, with said declaration being that Counter-Plaintiff has no liability in contract, upon a sworn account, or in quasi contract to Counter-Defendant.  Counter-Plaintiff prays for judgment and for judgment and for an award of reimbursement of all costs and attorney's fees as allowed by the Declaratory Judgments Act.  All conditions precedent to Counter-Plaintiff's right to recover have been performed or have occurred.

WHEREFORE, the Defendant requests that the Plaintiff's Complaint be dismissed with prejudice; and that Defendant have judgment on its claims against the Plaintiff; and that the Defendant be awarded its attorney fees and costs of this action and all other relief at law or in equity to which it may be entitled.

Respectfully submitted,

McCormick, Lanza & McNeel, LLP


By: /s/ Andrew P. McCormick
    ANDREW P. McCORMICK
    Federal I.D. No. 1311
    State Bar No. 13457100
    4950 Bissonnet Street
    Bellaire, Texas 77401
    (713) 523-0400

ATTORNEY FOR DEFENDANTS

CERTIFICATE OF SERVICE

    I hereby certify that on this 14th day of July, 2015, a true and correct copy of the above and foregoing Original Answer of Defendants has been forwarded by electronic service through the Court and/or facsimile to Ryan T. Hand, Lorance & Thompson, P.C., 2900 North Loop West, Suite 500, Houston, TX 77009, and all other counsel of record.

/s/ Andrew P. McCormick
Andrew P. McCormick