IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICTOF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNIVERSAL TRUCKLOAD, INC. | § § | |
| vs. | § § | Civil Action No. 4:15-cv-01651 |
| DALTON LOGISTICS, INC., HESS CORPORATION, HELMERICH & PAYNE, INC., NABORS DRILLING USA, LP, FOUR SEASONS EQUIPMENT, INC., HALCON RESOURCES CORPORATION, APPLIED MACHINERY CORPORATION, AND GRANT PRIDECO, LP | § § § § § § § § § § | JURY DEMANDED |

### DALTON LOGISTICS, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT

_____

TO THE JUDGE:

Defendant, Dalton Logistics, Inc., (Dalton) files its Answer To Plaintiff Universal Truckload, Inc.'s ("Universal") Second Amended Complaint (doc 75-2). This answer does not amend or otherwise affect Dalton's Amended Counterclaim (doc 65).

### INTRODUCTION & BACKGROUND

Dalton Logistics, Inc. is a small family-owned logistics business, founded by Richard "Dick" Meredith in 2004, in Humble, Texas. Meredith founded the company based on his hands-on experience in the oil and gas fields of northern Louisiana, coupled with his background in running an interstate trucking company that specialized in moving heavy equipment and steel.

After successfully completing a service agreement for trucking services with Hess Corporation in the spring of 2013, Meredith had all but decided to close up operations in North Dakota. However, all that changed when Universal's Mark Limback contacted Meredith, in April 2013, regarding an interest to purchase Dalton outright.

In April 2013, Dalton owed Universal $0, had several million dollars in the bank and in equity in equipment it owned, and was poised to continue its successful operation, based in Texas.

In late May 2013, at the request of Universal, the parties met and reached an agreement for Universal to purchase Dalton for 25 million dollars, upon receipt of Dalton's 2012 audited financials. Following the receipt of Dawson's 2012 financials, Universal denied payment, thereby breaching the party's agreement.

After Universal's breach and after having incurred significant expenses, at Universal's instruction, Dalton further attempted to consummate the sale of the company to Universal. Subsequent to the breach, the parties exchanged multiple drafts of asset purchase agreements, financials, requests from Universal to generate additional Master Service Agreements (MSAs), and approximately sixteen months of correspondence. Universal continued failing to follow through with its promise to purchase Dalton, despite the fact that Dalton had complied with Universal's demands, and secured over a dozen new MSAs.

As a result, Dalton not only expended nearly all of its own resources, but also incurred approximately $2 million in service charges with Universal -- an amount that Universal previously represented would be reconciled after the purchase of Dalton, and now the amount sought by Universal in this lawsuit. In addition, Universal reached out to several of Dalton's customers and affiliates (*see* above-named Defendants) and wrongfully claimed that Dalton had simply "not paid the bill", while failing to make any mention as to

Universal's own hand in creating the $2 million debt, in the first place.

## DEFENDANT'S ANSWER TO PARTIES/SERVICE (PARAGRAPHS 1 — 9)

1. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 1.

2. Defendant admits the information contained in paragraph 2.

3. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 3.

4. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 4.

5. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 5.

6. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 6.

7. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 7.

8. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 8.

9. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 9.

## DEFENDANT'S ANSWER TO JURISDICTION AND VENUE (PARAGRAPHS 10 — 12)

10. Dalton admits the allegations in paragraph 10.

11. Dalton admits the allegations in paragraph 11.

12. Dalton admits the allegations in paragraph 12.

**DEFENDANT'S ANSWER TO ALLEGED FACTS (PARAGRAPHS 13 — 18)**

13.     Defendant denies that Universal fully performed its obligations. Defendant is without information sufficient to form a belief as to the truth of the matter asserted in the remaining allegations of Paragraph 13 and, therefore, denies the remaining allegations of Paragraph 13.

14.     Dalton admits it arranged for the transportation of shipments of freight upon the request of third party customers. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations set forth in Paragraph 14, and therefore, denies the allegations as stated.

15.     Dalton admits Universal transported freight. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations set forth in Paragraph 15, and therefore, denies the allegations as stated.

16.     Dalton denies that an agreement to purchase Dalton was not reached. Prior to Universal's promise to purchase Dalton, Dalton always paid Universal for its services in a timely fashion. Dalton admits that Universal was to be made "whole" when Universal completed its purchase of Dalton as promised by Universal in the manner requested by Universal; that is, to reconcile the debt once Dalton was acquired. Dalton did not disclose Universal's promise to purchase Dalton to the other Defendants in this matter, as the terms of that purchase were to remain confidential. Dalton denies the lack of an agreement between the parties for Universal to purchase Dalton. Dalton's actions after Universal's breach were designed to make Universal comply with its original agreement to purchase Dalton. Dalton denies the remainder of the allegations as stated.

17.     Because the statements of Paragraph 17 contain legal conclusions, not allegations of fact directed to Defendant, no response from Defendant is necessary. To the extent that a

response is deemed necessary, Defendant denies the allegations as stated.

18. Dalton admits it was paid by other Defendants. Dalton denies the remaining allegations set forth in paragraph 18.

## DEFENDANT'S ANSWER
## TO CAUSES OF ACTION (PARAGRAPHS 19 — 46)

19. Defendant is not required to admit or deny Paragraph 19. To the extent that a response is deemed necessary, Defendant denies the allegations.

20. Dalton admits it contracted with Universal. Defendant denies the remaining allegations set forth in paragraph 20.

21. Defendant denies the allegations set forth in paragraph 21.

22. Defendant denies the allegations set forth in paragraph 22.

23. Defendant denies the allegations set forth in paragraph 23.

24. Defendant is not required to admit or deny Paragraph 24. To the extent that a response is deemed necessary, Defendant denies the allegations.

25. Defendant denies the allegations as set forth in paragraph 25. To the best of Defendant's knowledge, Dalton is the only Defendant who requested services from Universal.

26. Defendant admits it accepted the services it requested, but denies the remaining allegations as stated in Paragraph 26.

27. Defendant denies the allegations set forth in paragraph 27.

28. Defendant is not required to admit or deny Paragraph 28. To the extent that a response is deemed necessary, Defendant denies the allegations.

29. Dalton admits that other Defendants paid Dalton. Dalton denies the remainder of the allegations in paragraph 29.

30. Dalton denies the allegations set forth in paragraph 30.

31.     Dalton is not required to admit or deny the allegations in paragraph 31. To the extent necessary, Dalton denies the allegations set forth in paragraph 31.

32.     Dalton admits that it contracted with Universal to transport freight. Dalton denies the remainder of the allegations in paragraph 32.

33.     Dalton denies the allegations in paragraph 33.

34.     Dalton is not required to admit or deny the allegations in paragraph 34. To the extent necessary, Dalton denies the allegations set forth in paragraph 34.

35.     Dalton admits that Universal presented invoices to Dalton. Dalton admits it did not pay Universal because Universal agreed that Dalton did not have to pay the invoices. Universal agreed that the invoices would later be reconciled at the time Universal acquired Dalton, as set forth in this answer and in Dalton's First Amended Counterclaim (doc 65), incorporated herein by reference. To the extent necessary, Dalton denies that the subject account constitutes a sworn account, or that the account is just and true, in whole or in part, with credit for all lawful offsets, as set forth in Exhibit "A" attached hereto. Further, The affidavit attached to the complaint does not constitute a sworn account. Dalton denies the remaining allegations set forth in paragraph 35.

36.     Dalton is not required to admit or deny the allegations in paragraph 36. To the extent necessary, Dalton denies the allegations set forth in paragraph 36.

37.     Dalton denies the allegations in paragraph 37. Dalton's payment to Universal would come in the form of a reconciliation of the account at closing, when Universal acquired Dalton.

38.     Dalton denies the allegations in paragraph 38.

39.     Dalton is not required to admit or deny the allegations in paragraph 39. To the extent necessary, Dalton denies the allegations set forth in paragraph 39.

40.     Dalton admits that it contracted with Universal to transport freight. Dalton denies the

remaining allegations in paragraph 40.

41.     Dalton denies the allegations in paragraph 41.

42.     Dalton is not required to admit or deny the allegations in paragraph 42. To the extent necessary, Dalton denies the allegations set forth in paragraph 42.

43.     Dalton admits that it contracted with Universal to transport freight. Dalton denies the remaining allegations in paragraph 43.

44.     Dalton denies the allegations in paragraph 44.

45.     Dalton denies the allegations in paragraph 45. Universal failed to complete its purchase of Dalton, which was a condition precedent to reconciliation of the invoices claimed due by Universal as set forth in this answer and in Dalton's First Amended Counterclaim (doc 65) incorporated herein by reference

46.     Dalton denies the allegations in paragraph 46.

47.     Dalton denies the allegations in paragraph 47.

## DALTON'S AFFIRMITIVE DEFENSES

48.     Dalton is not liable to Plaintiff because Universal breached the agreement between the parties.

49.     Dalton is not liable to Plaintiff because of equitable estoppel. Universal made a false representation or concealed material facts, and did so with actual or constructive knowledge, with the intention that Dalton rely on such representation/concealment of material facts, when Dalton had no knowledge or means of obtaining such knowledge, and Dalton detrimentally relied on the representations/concealment of material facts.

50.     Defendant is not liable to Universal because Plaintiff failed to mitigate its damages. Throughout the accumulation of Universal's alleged "debt"/damages, Universal did nothing to

mitigate its damages, and instead allowed the "debt"/damages to accrue while at the same time encouraging Dalton to aid in such accrual.

51. Dalton is not liable to Plaintiff because of laches. Despite its full knowledge of its alleged "debt"/damages, Plaintiff waited an unreasonable amount of time to assert its claim to said "debt"/damages. Such delay, in addition to other representations and assurances made by Plaintiff, caused Dalton to change its position to Dalton's detriment. Specifically, Dalton had an established history of paying similar "debts" to Plaintiff in a timely manner (upon completion of its services). However, once Plaintiff promised to purchase Dalton, Plaintiff instructed and encouraged Dalton to keep the alleged "debts" for itself to be applied to Dalton's business expansion. Plaintiff represented that the "debts" would be reconciled after it acquired Dalton. Had Dalton known that Plaintiff would demand payment for the "debt," Dalton would have paid in a timely fashion, as it had in the past, and not used the funds for expansion as instructed by Universal. Yet, Plaintiff's unreasonable delay caused Defendant to change its normal position, to its detriment.

52. Dalton is not liable to Plaintiff because of mistake. Specifically, it was Defendant's belief that the amount of damages now sought by Plaintiff was to be applied to expand Dalton's operations to Universal's benefit and that Universal would reconcile the "debt" after it acquired Dalton. Dalton's belief was that it was to keep the payments for services for use in operation of its business.

53. Defendant is not liable to Plaintiff because of novation. Specifically, while Plaintiff and Defendant had a prior arrangement whereby Defendant would tender monies to Plaintiff for services, that arrangement was modified with Plaintiff's promise and course of action to purchase Dalton.

54. Dalton is not liable to Plaintiff because of ratification. Throughout the time period where Plaintiff's alleged damages accrued, Plaintiff regularly assured Dalton that it was to keep the monies Plaintiff now calls "debt"/damages.

55. Dalton is not liable to Plaintiff because of the Statute of Frauds.

56. In the event of a recovery on behalf of Plaintiff of any kind, Dalton pleads and is entitled to an offset for all damages caused to Dalton by Plaintiff's breach of the parties' agreement or other conduct as set forth herein.

PRAYER

54. For these reasons, Dalton asks the Court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Dalton all other relief the Court deems appropriate including, but not limited to actual damages, exemplary damages, pre-judgment and post-judgment interest at the maximum rate allowed by law, costs of court, and reasonable and necessary attorney's fees as set forth in Dalton's First Amended Counterclaim (Doc 65).

RESPECTFULLY SUBMITTED,

/s/ *Lawrence Rothenberg*
**LAWRENCE ROTHENBERG**
Texas Bar No. 17316500
9525 Katy Freeway, Suite 300
Houston, Texas 77024
Tel:    713.784.1491
Fax:    713.465.2224
Email: rothenber2@gmail.com
**ATTORNEY-IN-CHARGE FOR**
**DEFENDANT DALTON LOGISTICS, INC.**

**CERTIFICATE OF SERVICE**

   This is to certify that on July 5, 2016, I electronically filed the foregoing document with the Clerk of Court. Pursuant to FED. R. CIV. P. 5(b) and Southern District of Texas Local Rule 5.5, I certify that a copy of this instrument was served on July 5, 2016, via the Court's DC/ECF system:

Ryan T. Hand
**Lorance Thompson, PC**
2900 N. Loop W., Ste. 500
Houston, Texas 77092
Tel: 713.868.5560
Fax: 713.864.4671
Email: rth@lorancethompson.com
**Attorneys for Universal Truckload, Inc.**

Andrew P. McCormick
**McCormick, Lanza, & McNeel, LLP**
4950 Bissonnet Street
Bellaire, Texas 77401
Tel: 713.523.0400
Fax: 713.523.0408
Email: amccormick@mlm-lawfirm.com
**Attorneys for Four Seasons Equipment, Inc.**

Elizabeth Ellen Klingensmith
**Haynes & Boone LLP**
1221 McKinney St, Ste, 2100
Houston, TX 77010-2007
Tel: 713.547.2592
Fax: 713.236.5495
Email: liz.klingensmith@haynesboone.com
**Attorneys for Hess Corporation**

Marc J. Wojciechowski
SBN:   21844600
**Wojciechowski & Associates, PC**
17447 Kuykendahl Road, Suite 200
Spring, Texas 77379
Tel:   281.999.7774
Fax:   281.999.1955
Email: marc@wojolaw.com
**Attorney for Defendant Applied Machinery Corporation**

Christopher L. Evans
TBN & F.I.D.#: 06710500
**Adams and Reese, LLP**
1221 McKinney St, Suite 4400
Houston, Texas 77010
Tel:   713.652.5151
Fax:   713.652.5152
Email: chris.evans@arlaw.com
**Attorney for Defendants Grant Prideco, LP and**
**Helmerich & Payne International Drilling Co.**

                          /s/ *Lawrence Rothenberg*
                          **LAWRENCE ROTHENBERG**