

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNIVERSAL TRUCKLOAD, INC. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:15-cv-01651 |
| | § | |
| DALTON LOGISTICS, INC., ET AL. | § | |

### CHARGE TO THE JURY

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Plaintiff UNIVERSAL TRUCKLOAD, INC. has the burden of proving its case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff UNIVERSAL TRUCKLOAD, INC. has failed to prove any element of its claim by a preponderance of the evidence, then it may

1

not recover on that claim.

Defendant/Counter-Claimant DALTON LOGISTICS, INC. has the burden of proving its case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Defendant/Counter-Claimant DALTON LOGISTICS, INC. has failed to prove any element of its claim by a preponderance of the evidence, then it may not recover on that claim.

Defendant, Helmerich & Payne International Drilling Co. (H&P) has the burden of proving its defenses by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Defendant, H&P has failed to prove any element of its defenses by a preponderance of the evidence, then H&P may not prevail on that defense.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you and the facts from a preponderance of all the evidence, both direct and circumstantial.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

A "stipulation" is something that the attorneys agree is accurate. When there is no dispute about certain testimony, the attorneys may agree or "stipulate" to that testimony. Stipulated testimony must be considered in the same way as if that testimony had been received here in court. Likewise, when there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

You are not to decide this case by counting the number of witnesses who have testified

on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

Consider damages only if necessary.  If any party proved its damages by a preponderance of the evidence, you must determine the damages to which that party is entitled. You should not interpret the fact that I am giving instructions about damages as an indication in any way that I believe that any party should, or should not, win this case. It is your task first to decide whether a particular party is liable. I am instructing you on damages only so that you will have guidance in the event you decide that any party is liable to pay damages to another party.

## **DEFINITIONS**

"Universal":     means Plaintiff, UNIVERSAL TRUCKLOAD, INC.

"Dalton":     means Defendant/Counter-Claimant, DALTON LOGISTICS, INC.

"H&P":     means Defendant, HELMERICH & PAYNE INTERNATIONAL DRILLING CO.

**QUESTION 1**

Does Dalton hold money that is due to Universal?

Answer "Yes" or "No."

Answer: _____YES_____

If you answered "Yes" to Questions 1, then answer the following question. Otherwise, do not answer the following question.

## QUESTION 2

Does the money held by Dalton belong to Universal in equity and good conscience?

Answer "Yes" or "No."

Answer: _____YES_____

## QUESTION 3

Did Dalton fail to comply with the agreement with Universal for the payment of Universal's freight charges?

Answer "Yes" or "No."

Answer: _____YES_____

If you answered "Yes" to Questions 2, or 3, then answer the following question. Otherwise, do not answer the following question.

**QUESTION 4**

Was Dalton's failure to comply excused?

You are instructed that:

Failure to comply by Dalton is excused if the following circumstances occurred:

1. Universal:

   a. by words or conduct made a false representation or concealed material facts, and

   b. with knowledge of the facts or with knowledge or information that would lead a reasonable person to discover the facts; and

   c. with the intention that Dalton would rely on the false representation or concealment in acting or deciding not to act; and

2. Dalton:

   a. did not know and had no means of knowing the real facts and

   b. relied to its detriment on the false representation or concealment of material facts.

Answer "Yes" or "No."

Answer: _No_

## QUESTION 5

Did H&P contract for Universal to transport portions of rigs 517 and 524?

To be enforceable, a contract must be reasonably definite and certain.  In attempting to reach an agreement, one party may prescribe the time, manner and other requirements for the other party's acceptance of the offer.  If the offer is not accepted as prescribed there is no agreement.

In deciding whether the parties reached an agreement, you may consider what they said and did in light of the surrounding circumstances, including any earlier course of dealing. You may not consider the parties' unexpressed thoughts or intentions.

Answer "Yes" or "No."

Answer: _____No_____

If you answered "Yes" to question 5, answer the following question, otherwise, do not answer the following question.

## **QUESTION 6**

Did H&P fail to comply with the agreement?

Answer "Yes" or "No."

Answer:_____

If you answered "Yes" to Question 6, answer the following question, otherwise, do not answer the following question

## **QUESTION 7**

Did Universal waive its right to recover freight charges from H&P?

You are instructed that waiver is the intentional surrender of a known right or intentional conduct inconsistent with claiming the right.

Answer "Yes" or "No"

Answer:_____

If you answered "Yes" to question 6, answer the following question, otherwise, do not answer the following question.

## QUESTION 8

Is Universal equitably estopped from seeking freight charges from H&P?

You are instructed that equitable estoppel occurs if:

1. Universal

   a. by words or conduct made a false representation or concealed material facts,

   b. with knowledge of the facts or with knowledge or information that would lead a reasonable person to discover the facts, and

   c. with the intention that H&P would rely on the false representation or concealment in acting or deciding not to act; and

2. H&P

   a. did not know and had no means of knowing the real facts and

   b. relied to its detriment on the concealment of material facts.

Answer "Yes" or "No"

Answer: _____

If you answered "Yes" to Question 6 and "No" to both of Questions 7 & 8, then answer the following question, otherwise, do not answer the following question.

## **QUESTION 9**

You are instructed that:

A person or company that claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate its damages, that is, to avoid or to minimize those damages.

Did Universal fail to mitigate its damages, if any, by not:

1.   Refusing to move H&P's Rig 517?

Answer "Yes" or "No"

Answer: _____

2.   Refusing to move H&P's Rig 524?

Answer "Yes" or "No"

Answer: _____

## QUESTION 10

Did Dalton and Universal agree that Universal would purchase Dalton?

You are instructed that:

> In deciding whether the parties reached an agreement, you may consider what they said and did in light of the surrounding circumstances, including any earlier course of dealing. You may not consider the parties' unexpressed thoughts or intentions.

> There is no requirement that a contract be in writing, that it be dated, or that it be signed by either party. It can be entirely oral, or it can be partly oral and partly in writing.  In this case it is alleged by Dalton that the contract was oral.

Answer "Yes" or "No."

Answer:  *No*

14

If you answered "Yes" to Question 10, answer the following question, otherwise, do not answer the following question.

## **QUESTION 11**

Did Universal fail to comply with the agreement?

Answer "Yes" or "No."

Answer:_____

If you answered "Yes" to Question 11, answer the following question, otherwise, do not answer the following question

## QUESTION 12

Was Universal's failure to comply excused?

You are instructed that:

Failure to comply by Universal is excused if the following circumstances occurred:

1.  Dalton

    a.  by words or conduct made a false representation or concealed material facts, and

    b.  with knowledge of the facts or with knowledge or information that would lead a reasonable person to discover the facts, and

    c.  with the intention that Universal would rely on the false representation or concealment in acting or deciding not to act; and

2.  Universal

    a.  did not know and had no means of knowing the real facts and

    b.  relied to Universal's detriment on the false representation or concealment of material facts.

Answer "Yes" or "No."

Answer:_____

If you answered "Yes" to Question 11, and "No" to Question 12, then answer the following question. Otherwise, do not answer the following question.

**QUESTION 13**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Dalton for its damages, if any, that resulted from Universal's failure to comply?

You are instructed that:

Contract damages are intended to give the party the benefit of the party's bargain by awarding him a sum of money that will, to the extent possible, put Dalton in as good a position as it would have been in had the contract been fully performed.  The injured party should receive those damages naturally arising from the breach.  Dalton cannot recover a greater amount as damages than it could have gained by the full performance of the contract.

Do not add any amount for interest on damages, if any.

Answer in dollars and cents for damages, if any.

Answer:_____

If you answered "No" to Question 10, then answer the following question. Otherwise, do not answer the following question.

## QUESTION 14

Did Dalton substantially rely to its detriment on Universal's promise to purchase Dalton, if any, and was this reliance foreseeable by Universal?

You are instructed that:

Dalton claims that Universal is liable to it based on promissory estoppel. To establish this claim, Dalton has the burden of proving each of the following elements:

(a)   Universal made a promise to Dalton.

(b)   Reliance on the promise by Dalton was foreseeable to Universal at the time it was made; and

(c)   Dalton substantially relied on the promise to its detriment.

Your verdict will be for Dalton on the claim of promissory estoppel if you decide that Dalton has proved all of these elements.

Your verdict will be for Universal on the claim of promissory estoppel if you decide that Dalton has not proved one or more of these elements.

A promise which the promisor should reasonably expect to induce action or forebearance of a definite and substantial character on the part of the promisee and which does induce such action or forebearance is binding if injustice can be avoided only by enforcement of the promise.

Answer "Yes" or "No."

Answer: _YES_____

18

If you answered "Yes" to Question 14, then answer the following question. Otherwise, do not answer the following question.

**QUESTION 15**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Dalton for its damages, if any, that resulted from Dalton's reliance on Universal's promise to purchase Dalton?

Consider the following elements of damages, if any, and none other:

    A. The amount of funds actually expended by Dalton in reliance on Universal's promise to purchase Dalton.

Do not add any amount for interest on damages, if any.

Answer in dollars and cents for damages, if any.

    1. The amount of funds actually expended by Dalton, in the past, since May 31, 2013.

Answer: $5,700,000.00

19

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

_____

The Honorable Alfred H. Bennett
United States District Judge

## Verdict Certificate

Our verdict is unanimous.  All of us have agreed to each and every answer.  The presiding juror has signed the certificate for all of us.

July 20 2017

Date

## REDACTED SIGNATURE

Signature of Presiding Juror